COMMON CAUSE, David Cohen, Nan Waterman, Plaintiffs,

v.

FEDERAL ELECTION COMMISSION, Joan Aiken, Chairman, Federal Election Commission, American Medical Association, Defendants.

Civ. A. No. 78–2135.

United States District Court, District of Columbia.

March 21, 1979.

Jack R. Bierig, Roy A. Wentz, Michael A. Nemeroff, Sidley & Austin, Washington, D. C., for AMA.

William C. Oldaker, General Counsel, Charles N. Steele, Associated General Counsel, Lawrence M. Noble, R. Scot Rinn, Federal Election Com'n, Washington, D. C., for FEC.

Kenneth J. Guido, Jr. and Ellen G. Block, Washington, D. C., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

BARRINGTON D. PARKER, District Judge:

Plaintiff Common Cause, a nonprofit corporation, claims that its members are active participants in the federal electoral process and have a direct interest in the integrity of the elective process, specifically in laws relating to political contributions and expenditures for the benefit of candidates for elective office. It charges that the American Medical Association (AMA or Association) on numerous occasions has violated the Federal Election Campaign Act, 2 U.S.C. § 431 et seq., (FECA or Act) by making political contributions through its political committees in excess of the $5,000 limit to a candidate for federal elective office, § 441a(a)(2)(A). Since 1976, Common Cause has filed several complaints with the Federal Election Commission (Commission).

In this proceeding the plaintiff seeks declaratory and injunctive relief against the Commission alleging that it failed to act timely on Common Cause's complaints against the AMA and otherwise to enforce and to perform its obligations under the FECA. The AMA is also named as a party defendant.

The American Medical Association has moved to dismiss the complaint, claiming on basis of the Federal Rules of Civil Procedure: lack of jurisdiction over the subject matter, Rule 12(b)(1); failure to state a claim upon which relief can be granted, Rule 12(b)(6); and misjoinder of parties, Rule 21. In seeking dismissal, the Association contends that under the FECA, there is no basis for a cause of action and that indeed the complaint does not seek or request any relief against the organization.

The Commission joins with and supports the Association's motion to dismiss.

After reviewing the statutory provisions, the relevant legislative history, the points and authorities, and considering the oral argument of counsel, the Court agrees that in this factual posture, the American Medical Association is an improper party to the action and will grant the motion to dismiss. The reasons for this determination are set out in the discussion which follows.

### A.

The statutory scheme provided under the FECA is straightforward. Under § 437c(b)(1), the Commission has exclusive primary jurisdiction with respect to civil enforcement of the Act. The provisions relevant to the issues before the Court are found in § 437g. Upon receiving a sworn complaint, if the Commission has reason to believe that the Act has been violated, it shall investigate the allegation expeditiously and privately. § 437g(a)(1), (2), (3)(A) and (B). During the investigation a respondent is afforded an opportunity to demonstrate that further Commission action is not necessary. § 437g(a)(4). Should the Commission find that there is reasonable cause to believe that a violation has occurred, it enters into a brief conciliation period with the respondent. § 437g(a)(5)(A). If such efforts fail, the Commission may find probable cause to believe that a violation has occurred and institute a civil suit against the respondent. § 437g(a)(5)(B).

In addition to the Commission's authority to institute civil suit against a respondent, the Act provides safeguards against the dismissal of the complaint, or failure of the Commission to act within 90 days of filing, unreasonable delays and Commission action which is contrary to law. Section 437g(a)(9)(A) allows a complainant to petition the court and seek judicial review of administrative action and authorizes a party aggrieved by a Commission order of dismissal to file a petition with the United States District Court for the District of Columbia. In acting on the petition the Court may declare that the dismissal or the

failure to act is contrary to law and direct the Commission to proceed in conformity with such declaration within 30 days. Should the Commission fail to proceed the complainant may then bring in his own name a civil action to remedy the violation involved in the original complaint. § 437g(a)(9)(C).[1]

### B.

Common Cause complied with § 437g(a)(1) and filed a sworn complaint with the Commission in June 1978, alleging that the AMA had violated the FECA. The 90-day statutory period for the Commission to act expired in September 1978. During that time no action was taken, and in November 1978, Common Cause filed a petition before this Court requesting a declaration that the Commission's failure to act was contrary to law and an order directing the Commission to proceed in conformity with such declaration within 30 days under § 437g(a)(9)(A) and (C).

In its petition before this Court, Common Cause has joined both the Commission and the AMA as defendants. The plaintiff then requests the Court to retain jurisdiction so that in the event the Commission does not comply with a directive from this Court, Common Cause can proceed in this action to seek an order enjoining the AMA and its committees to comply with the FECA. On its face, however, the statute only allows at this time plaintiff a cause of action against the Commission. Unless this Court rules that the Commission has failed to carry out its statutory obligation and unless the Commission fails to act on a court order directing it to proceed, Common Cause lacks standing to sue the AMA as an alleged violator of the Act.

In opposition to the motion to dismiss, Common Cause focuses principally on the Rule 21 misjoinder issue raised by the AMA. Common Cause argues that the joinder of claims provision of Rule 18(b) allows a statutory cause of action against the AMA for violation of the FECA contribution limits which may be joined with its claim against the Commission. The plaintiff further argues that under the standards for joinder of persons needed for just adjudication and for permissive joinder of parties under Rules 19 and 20, Federal Rules of Civil Procedure, the AMA is a proper party defendant. While plaintiff does have an interest in a speedy and comprehensive resolution of this action, and the AMA an undeniable interest in the issues presented and the Court's final resolution of the merits of the controversy, the federal rules do not authorize the contingent relief plaintiff is seeking against the AMA. Rule 19 provides that a person shall be joined only if "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest . . ." Rule 20 requires as a precondition to joinder that a right to relief be asserted against the party to be joined. Common Cause does not have a right to relief against the AMA unless this Court directs the Commission to proceed and it fails to do so. Similarly, Rule 18 does not provide for joinder of a claim against a third party when the plaintiff is not entitled to relief from the party at the outset of the litigation, when the relief sought is contingent on the Court's resolution of the issues. Furthermore, the plaintiff's arguments have little merit where, as here, the statutory scheme for seeking judicial review is clear.

The Court therefore this 20th day of March, 1979,

ORDERS that the motion of the American Medical Association to be dismissed is granted and the American Medical Association is hereby dismissed as a party defendant; and it is

FURTHER ORDERED that all discovery be completed by the parties by June 15,

---

1. The conference report on the FECA Amendments of 1976 also sets forth this enforcement scheme. *See* H.R.Rep.No.1057, 94th Cong., 2d Sess. 45–50, U.S.Code Cong. & Admin.News 1976, p. 929 (1976).

1979, and the Pretrial be held on July 23, 1979, at 4:00 p. m.