**COMMON CAUSE et al., Plaintiffs,**

**v.**

**FEDERAL ELECTION COMMISSION et al., Defendants.**

**Civ. A. No. 78–2135.**

United States District Court, District of Columbia.

Aug. 10, 1979.

Kenneth J. Guido, Jr., Donald J. Simon, Washington, D. C., for plaintiffs.

Lawrence M. Noble and R. Scott Rinn, Federal Election Commission, Michael A.

Nemeroff, Washington, D. C., for defendants.

## MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER

BARRINGTON D. PARKER, District Judge:

█ Common Cause and other named plaintiffs allege that the Federal Election Commission (Commission) has failed to act upon their complaint that the American Medical Association through affiliated political action committees including the American Medical Political Action Committee (AMPAC) has violated the Federal Election Campaign Act, 2 U.S.C. § 431 *et seq.* (FECA or Act). In October, 1976, and June, 1978, Common Cause filed administrative complaints with the Commission charging that these organizations made financial contributions to candidates for federal elective office in excess of the $5000 statutory limit and in violation of § 441a(a)(2)(A) of the Act.

In November, 1978, plaintiffs filed this action seeking declaratory and injunctive relief against the Commission alleging that it had failed to act timely on Common Cause's June, 1978 complaint and to perform otherwise its statutory obligations.[1] The Court granted discovery and the plaintiffs now seek access to certain documents[2] regarding the ongoing and underlying Commission investigation. The parties have agreed upon and presented for approval a proposed protective order, granting the plaintiffs limited access to certain documents. The order provides that the documents, filed under seal with the Court, be made available to counsel for and two named officers of Common Cause. Disclosure is prohibited to all others, including AMPAC.

AMPAC is not a party to this litigation but is a respondent in the administrative proceeding. However, the Court permitted the Committee to submit comments and objections to the proposed order. In a two-pronged argument AMPAC argues first that the so-called confidentiality provision of the Act, § 437g(a)(3)(B),[3] prohibiting publicity regarding agency investigations, prevents disclosure to Common Cause.[4] Alternatively, the argument is advanced that if Common Cause is granted access to the materials, "fundamental due process" mandates that AMPAC likewise should be granted access to them.

Both the Commission and Common Cause have responded and, as expected, dispute each argument. The Court rejects the objections of AMPAC and agrees with the parties to this litigation for the reasons set forth.

The legislative history, while not extensive, indicates that in 1976 when the Congress added the confidentiality requirement to FECA it had a specific and limited objective, namely, to protect candidates from adverse publicity arising from Commission investigations, and especially from the fil-

---

1. For a more detailed account of this proceeding and the statutory scheme generally, see this Court's March 21, 1979 Memorandum Opinion and Order dismissing the American Medical Association as a party defendant: Common Cause v. FEC, 82 F.R.D. 59 (D.D.C.1979).

2. The documents consist primarily of various General Counsel Reports and staff memoranda to the Commission.

3. Section 437g(a)(3)(B) provides:

   Any notification or investigation . . . shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made.

4. AMPAC also argues that the disclosure would violate protective orders issued by seven United States District Courts in subpoena enforcement actions brought by the Commission to secure materials withheld by the American Medical Association and others in the agency investigation. The Court, however, does not find those orders, which were opposed by the Commission, binding on or relevant to this proceeding in which Common Cause seeks judicial review of agency action under § 437g(a)(9). While expressing reluctance to release information concerning its investigation absent a court order, the Commission nonetheless believes that the Court is acting within its discretion to interpret § 437g(a)(9) and the seven court orders as allowing the release of the information as provided by the proposed protective order.

412

ing of groundless complaints. The congressional concern was to prevent premature disclosure and press releases and not the normal and inevitable disclosures which occur as by-products of agency investigations. The Conference Report on the 1976 amendments to the Act states that a violation of the confidentiality provision occurs "when publicity is given to a pending investigation . . . not . . . when actions taken in carrying out an investigation lead to public awareness of the investigation." H.R.Rep.No.1057, 94th Cong., 2d Sess. 50 (1976), U.S.Code Cong. & Admin.News 1976, pp. 929, 965.[5]  No support can be found in the legislative history and indeed there is little logic in AMPAC's argument that disclosures during the course of judicial proceedings brought by a dissatisfied agency complainant under § 437g(a)(9) constitute such "publicity." Judicial proceedings such as this are a separate and discrete phase of enforcement activity under the statute. Had Congress intended that the confidentiality provision constitute such an extraordinary limitation as a judicial gag order, it would and could have made its intent unmistakably clear.

■ But the Court is not required to define the outer contours of the confidentiality section to sustain the proposed order. The carefully qualified conditions under which certain Commission materials are made available to Common Cause does not make them public within the meaning of § 437g(a)(3)(B). Common Cause's status is not that of a member of the general public, and in fact, its status as a complainant is an integral part of the Act's enforcement scheme.[6]

There are also strong practical arguments for granting disclosure to Common Cause. The information in question concerning the Commission's investigation is highly relevant to the resolution of this lawsuit. Without access to this material, it may be

difficult for the plaintiffs to litigate the core questions in this proceeding, whether the Commission is acting on plaintiffs' complaint and doing so expeditiously.

For the foregoing reasons, the Court approves and will enter the proposed protective order.

ORDER

The Federal Election Commission maintains that information sought by plaintiffs in this action would not be discoverable in a possible subsequent enforcement action brought by the Commission. For the purpose of this action, however, the Commission will, as ordered by this court, release the following requested material under court seal. The action of the Commission in complying with this court's order, however, does not waive future objection by the Commission to further disclosure of this information during discovery in any future enforcement action. Therefore, it is hereby

ORDERED that defendants shall provide to the court and to counsel for plaintiffs after this protective order is signed and under the conditions enumerated below:

(a) all reports of the General Counsel of the Federal Election Commission to the Commission and Interim Investigative Reports listed in Item 1 of plaintiffs' July 18, 1979 Request for Production of Documents;

(b) all staff memoranda to the Commission described in Item 3 of plaintiffs' July 18, 1979 Request for Production of Documents; and

(c) a response to plaintiffs' proposed stipulation appended to their June 18, 1979 Motion for Pretrial Order.

IT IS FURTHER ORDERED that the following conditions shall apply to these three submissions by defendants:

(a) plaintiffs' counsel will be permitted to share the above described documents with

5. See also the remarks on the floor by the bill's House sponsor, Rep. Hays, at 122 Cong.Rec. 8566 (1976).

6. The Court does not find that AMPAC, a respondent in the agency investigation, should

also be accorded access to the materials. The Commission asserts, and the Court agrees, that the documents constitute protected work product as to AMPAC.

members of their legal staff and with only two officers of Common Cause: David Cohen, President, and Fred Wertheimer, Senior Vice-President;

(b) plaintiffs' counsel, their legal staff, and the two above-named officers shall not disclose the above-described documents, or the contents thereof, to any other person until after the parties to this action have an opportunity to brief the issue of disclosing the above-described documents or the contents thereof, and until further order of the court;

(c) plaintiffs' counsel shall ensure that persons with access to the above-described documents have been informed of the terms of this protective order; and

(d) all court filings that describe the contents of the above-described documents shall be filed under seal with the clerk of the court and shall be maintained under seal until further Order of the court.