Filed 01/15/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-01627

| Catherine Feger v. Val Roc Corporation, et al |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion for Permissive Joinder  (Motion: 7)
Filer:      Frank P. Urso
Filed Date:      November 25, 2024

The motion is DENIED.

Val Roc Corporation, the Defendant in this negligence action arising out of dog bite injuries suffered by Plaintiff Catherine Feger while a guest at Defendant's motel, moves pursuant to Rule 20(a) of the Vermont Rules of Civil Procedure to join as a defendant one Jason Sasbon, the alleged owner of the two dogs that injured Plaintiff.  Defendant asserts that, once permissive joinder of Mr. Sasbon has been approved by the Court, Defendant intends to assert cross-claims against him, on the theory that his acts or omissions were the sole proximate cause of Plaintiff's injuries.

Rule 20(a) states, in relevant part, that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." V.R.C.P. 20(a).  "This rule is identical to Federal Rule 20" in all relevant respects.  Reporter's Notes, V.R.C.P. 20.  The federal rule "requires that a right to relief be asserted against each defendant in order to allow their joinder."  7 Wright & Miller, et al. *Federal Practice & Procedure Civil* § 1657 (3d ed., June 2024 update) (citing, *inter alia*, *Busby v. Capital One, N.A.*, 759 F. Supp. 2d 81, 88 (D.D.C. 2011) (because plaintiff's complaint asserts no right to relief against proposed defendant, "joinder would be improper" under Rule 20(a)); *see also Common Cause v. FCC*, 82 F.R.D. 59, 61 (D.D.C. 1979) ("Rule 20 requires as a precondition to joinder that a right to relief be asserted against the party to be joined.").

Plaintiff's Second Amended Complaint does not assert a claim or right to relief against the proposed defendant, Mr. Sasborn.  Thus, joinder is improper and Defendant's motion must be denied.

Electronically signed on January 15, 2025 pursuant to V.R.E.F. 9(d)

_Alexander N. Burke_

Alexander N. Burke
Superior Court Judge